## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

EDGAR COLON,

                Plaintiff,

    v.

UBER TECHNOLOGIES, INC., and DARA
KHOSROWSHAHI, individually.

        Defendants.

Case No. 18 CV 5283

COMPLAINT FOR DAMAGES

JURY TRIAL DEMAND

PLEASE TAKE NOTICE, that EDGAR COLON (hereinafter "Plaintiff Colon"), by his attorneys: DEREK SMITH LAW GROUP, PLLC, as and for his Complaint in this action against the Defendants, UBER TECHNOLOGIES INC. (hereinafter "Uber") and DARA KHOSROWSHAHI (hereinafter "Khosrowshahi"), (collectively "the Defendants"), respectfully alleges as follows:

### NATURE OF THE CLAIMS

1.    This action is brought to remedy, *inter alia*, the unlawful discrimination against job applicants on the basis of a past criminal conviction to which the Defendants subjected Plaintiff Colon, with respect to the conditions and privileges of his employment, by rejecting him simply on the basis of his criminal conviction. Through their unlawful and discriminatory conduct, Defendants violated, *inter alia*, New York State Human Rights Law, New York Executive Law, § 290, et seq. ("the Executive Law"); the Administrative Code of the City of New York 8-107 et seq. ("NYCHRL"); and Article 23(A) of the New York Correction Law,

along with any and all causes of action which are alleged and/or can be inferred from the facts set forth herein.

2.      Plaintiff Colon seeks monetary relief with respect to each Claim, including but not limited to: compensatory and punitive damages; attorney's fees and the costs associated with this action; together with any and all appropriate legal and equitable relief pursuant to applicable state and federal laws.

## PARTIES

3.      Plaintiff Colon was and still is an individual male of Hispanic descent residing in the City and State of New York, County of New York.

4.      Defendant Uber is a Delaware Corporation with its principal place of business in California and is authorized to operate in the State and City of New York.

5.      Defendant Uber meets the definition of an "employer" under all applicable state and local statutes.

6.      Defendant Dara Khosrowshahi, is an individual male who on information and belief resides in San Francisco, California.  Khosrowshahi is employed as the Chief Executive Officer of Defender Uber.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction based on 28 U.S.C. §  1332 Diversity Jurisdiction as Plaintiff and Defendants are citizens of different states and the value of the controversy exceeds $75,000, exclusive of interest and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

8.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred in this judicial district as Plaintiff Colon applied for a position with Defendant Uber in the City of New

York, borough of Manhattan and Defendant Uber unlawfully denied Plaintiff said position in the City of New York, borough of Manhattan.

## PRELIMINARY STATEMENT

9.      Defendant Uber has denied Plaintiff Colon's right to equal treatment under the law by denying his application for employment in violation of New York Correction Law and New York City's Fair Chance Act.

10.      New York Correction Law and The Fair Chance Act were enacted to help correct the stigma of a criminal record and to help correct New York's criminal justice system which disproportionality punishes and incarcerates New York's African-American and Latino population.

11.      These laws were designed for citizens in circumstances similar to Plaintiff's. Plaintiff Colon is a formerly incarcerated male of color who has served his time and is fully rehabilitated. Yet he is constantly denied access to employment because corporations like Defendant Uber deny him his rights under New York State and New York City law by using the badges of an unfair justice system to deny Plaintiff Colon employment, despite being qualified for the position.

12.      This action is brought to remedy, *inter alia*, the unlawful discrimination to which Defendant Uber has subjected Plaintiff Colon on the basis of his prior criminal record in violation of the will of the people of New York State and New York City.

## STATEMENT OF FACTS

13.      Defendant Uber has positioned itself as one of the largest common carriers in the United States.

14.     Plaintiff Colon is an upstanding citizen of New York who was incarcerated for 60 months.

15.     While Plaintiff Colon was incarcerated, he was incapacitated and removed from society. Plaintiff Colon was punished for his criminal offenses, which deters himself and others from committing future crimes.

16.     Plaintiff Colon has served his time and has paid his debt to society. Plaintiff Colon is rehabilitated and is an upstanding member of his community.

17.     Plaintiff Colon was charged with felony Conspiracy to Distribute Controlled Substance. Under federal law, a description of his criminal charges are: "it shall be unlawful for any person knowingly or intentionally to: (1) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

18.     On or about July 11, 2017, Plaintiff Colon applied for a driver position with Defendant Uber. A job description for a driver at Defendant Uber includes: picking up passengers, transporting clients between places, and keeping their vehicle in good condition.

19.     Plaintiff Colon possessed all the skills and equipment necessary to fill the position and meet Defendant Uber's employment requirements.

20.     Upon completing the first phase of the application, Defendant Uber required Plaintiff Colon to submit to a background check.

21.     On or about July 13, 2017, Plaintiff Colon complied with the background check requirements, fully disclosing his prior criminal history to Defendant Uber.

22.     On or about July 26, 2017, Defendant Uber rejected Plaintiff Colon's application because Checkr, Inc., a consumer reporting agency, "is currently reporting public record information that may be adverse about you to Uber."

23.     On or about August 16, 2017, Defendant Uber denied Plaintiff Colon's application because their background check discovered that "CHARGE: CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE (DISPOSITION: GUILTY)."

24.     Plaintiff Colon's criminal history has no direct relationship to any of the job duties which would be required for a Driver position with Defendant Uber.

25.     Defendant Uber granting employment to Plaintiff Colon as a driver would not involve any risk, reasonable or unreasonable, to the property or to the safety of or welfare of any individuals or the general public.

26.     Defendants unlawfully discriminated against Plaintiff Colon on the basis of his criminal record when Defendant Uber denied Plaintiff Colon's application to be a Driver at Defendant Uber.

27.     Through their unlawful discrimination, Defendants Uber and Khosrowshahi violated Article 23-A of New York State Correction Law, Section 296(15) of the New York Executive Law, and Section 8-107(10)(a) of the New York City Administrative Code.

28.     Defendants Uber and Khosrowshahi further violated the public policy of the State of New York when it unlawfully denied the employment of a person previously convicted of a criminal offense.

29.     As a result of the foregoing, Plaintiff Colon has suffered, and continues to suffer, economic loss, emotional distress, reputational harm, humiliation, anxiety, loss of self-esteem

and self-confidence and loss of employment related opportunities and experiences and damage to his reputation and future career.

30.     As a result of Defendants Uber's and Khosrowshahi's violation of the Fair Chance Act, Local Law No. 62 (2015), Plaintiff Colon seeks punitive damages against Defendants Uber and Khosrowshahi.

**CAUSES OF ACTION**

**THE FIRST CAUSE OF ACTION**
**Discrimination and Harassment in Violation of the New York State Correction Law Article 23-A**
**(Against all the Defendants)**

31.     Plaintiff Colon repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

32.     The New York Correction Law Article 23-A reads in relevant part: "Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited. No application for any license or employment, and no employment or license held by an individual, to which the provisions of this article are applicable, shall be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of finding of lack of "good moral character" when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:

(1) There is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or

(2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to the property or to the safety of or welfare of specific individuals or the general public."

33.     Defendants Uber and Khosrowshahi engaged in an unlawful discriminatory practice by discriminating against Plaintiff Colon because he was convicted of one or more criminal offenses that have no direct relationship to the job duties of the position he is applying for in violation of New York Correction Law Article 23-A.

34.     Plaintiff Colon hereby makes a claim against Defendants under all applicable paragraphs of the New York Correction Law Article 23-A.

**THE SECOND CAUSE OF ACTION**
**Criminal Record Discrimination in Violation of the New York Executive Law**
**(Against all the Defendants)**

35.     Plaintiff Colon repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

36.     It is the public policy of the State of New York to encourage the "employment of persons previously convicted of one or more criminal offenses." N.Y. Correct. Law § 753(1).

37.     Section 296(15) of the New York Executive Law states in relevant part: " It shall be an unlawful discriminatory practice for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" which is based upon his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of article 23-A of the Correction law."

38.     Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff Colon because of he was convicted of one or more criminal offenses in violation of York Executive Law Section 296 (15).

39.     Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of New York State Executive Law Section 296(15).

## THE THIRD CAUSE OF ACTION
### Aiding and Abetting Criminal Record Discrimination under NYSHRL
### (Against all the Defendants)

40.     Plaintiff Colon repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

41.     Section 296(15) of the New York Executive Law states in relevant part: "It shall be an unlawful discriminatory practice for any person, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so."

42.     Defendants Uber and Khosrowshahi engaged in an unlawful discriminatory practice by aiding and abetting in discriminating against Plaintiff Colon because he was convicted of one or more criminal offenses in violation of New York New York State Executive Law Section 296(15) and are as such, liable to Plaintiff Colon for violating his rights guaranteed under New York State Executive Law Section 296.

## THE FOURTH CAUSE OF ACTION
### Discrimination and Harassment in Violation of the
### New York City Administrative Code
### (Against all the Defendants)

43.     Plaintiff Colon repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

44.     The New York City Administrative Code section 8-107(10)(a) reads in relevant part: "it shall be an unlawful discriminatory practice for any employer, employment agency or agent thereof to deny employment to any person or take adverse action against any employee by reason of such person or employee having been convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" which is based on such person or employee having been convicted of one or more criminal offenses, when such denial or adverse action in violation of the provisions of article 23-A of the Correction law."

45.     Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff Colon because he was convicted of one or more criminal offenses.

46.     Defendants Uber and Khosrowshahi violated New York City Administrative Code section 8-107(10)(a) and are therefore viable to Plaintiff Colon for violating his rights guaranteed under the New York City Administrative Code section 8-107(10) (a).

### THE FIFTH CAUSE OF ACTION
**Discrimination and Harassment in Violation of the**
**New York City Administrative Code**
**(Against all the Defendants)**

47.     Plaintiff Colon repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

48.     The New York City Administrative Code section 8-107(6) reads in relevant part: "it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

49.     Defendants Uber and Khosrowshahi engaged in an unlawful discriminatory practice by aiding and abetting Defendants in discriminating against Plaintiff Colon because he was convicted of one or more criminal offenses.

50.     Defendants Uber and Khosrowshahi violated New York City Administrative Code section 8-107(6) and are liable to Plaintiff Colon for violating his rights guaranteed of the New York City Administrative Code section 8-107(10)(a).

## INJURY AND DAMAGES

51.     As a result of the acts and conduct complained of herein, Plaintiff Colon suffered and will continue to suffer the loss of a career and the loss of a salary, overtime payments, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses. Plaintiffs have also suffered severe emotional distress as a result of Defendants' unlawful conduct.

## JURY DEMAND

52.     Plaintiff Edgar Colon hereby demands a trial by jury on all issues of fact and damages.

## PRAYER FOR RELIEF

**WHEREAS,** Plaintiff prays for the following relief jointly and severally against all Defendants:

A.     An award of damages in an amount to be determined at trial, plus prejudgment interest to compensate Colon for all monetary and/or economic harm; compensation for harm to his professional and personal reputations and loss of life fulfillment;

B.     An award of damages, in an amount to be determined at trial, plus prejudgment interest, to compensate Colon for all non-monetary and/or compensatory damages including but not limited to compensation  for mental anguish, humiliation, embarrassment, stress, loss of self-esteem  and self-confidence, anxiety, physical and emotional pain and suffering and emotional distress; along with compensation for all other monetary and/or non-monetary losses suffered by Colon;

C.     As the Defendants' conduct was willful or wantonly negligent, reckless or was so reckless as to amount to disregard and conducted with a clear disregard for the rights of Plaintiff Colon, an award of punitive damages to deter the Defendants, and otherwise in comparable situations, from engaging in similar conduct;

D.     An award of costs that Plaintiff has incurred in this action, including witness and expert fees, as well as Plaintiff Colon's reasonable attorney's fees to the fullest extent permitted by law and court costs; and

E.     An award of any such other and further relief as the Court may deem just and proper.

Date:   New York, New York
        June 12, 2018

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC.**

*Attorneys for Plaintiff*


BY: _____

Christina Giorgio, Esq.
One Penn Plaza, Suite 4905
New York, New York
(212) 587 0760